UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH DARNELL FAIR,

                  Plaintiff,

v.                                                                6:20-CV-0244
                                                                   (GLS/ML)

STEVEN T. MNUCHIN, Treasury
Secretary of the United States,

                  Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

KEITH DARNELL FAIR
  Plaintiff, *Pro Se*
C.N.Y. Psychiatric Center
Post Office Box 300
Marcy, New York 13403

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

**I.   INTRODUCTION**

      The Clerk has sent to the Court for review the *pro se* Plaintiff's largely incoherent and incomprehensible Complaint in this action against Steven T. Mnuchin, Treasury Secretary of the United States ("Defendant") pursuant to 28 U.S.C. § 1333.[1]  (Dkt. No. 1.)  Also before the Court,

---

[1]     On April 6, 2020, United States Magistrate Judge Thérèse Wiley Dancks entered an Order and Report-Recommendation recommending dismissal with prejudice of a nearly identical complaint in an action filed by Plaintiff Anthony Bennett in a case also brought against Steven T. Mnuchin, Treasury Secretary of the United States.  *See Bennett v. Mnuchin*, 20-CV-0243, 2020 WL 1674068, at *1-2 (N.D.N.Y. Apr. 6, 2020) (Dancks, M.J.) (recommending dismissal of plaintiff Bennett's claims as frivolous).

is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 2.)

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff Keith Darnell Fair ("Plaintiff") described himself in the Complaint as "Third Party Intervener on behalf of KEITH DARNELL FAIR ESTATE/Trust" and has alleged that he is bringing this action based on his "indefeasible right of title and use of [his] vessel, land and territory and Principle Beneficiary." (*See generally* Dkt. No. 1.)

Plaintiff appears to allege that he "[p]erfected deed/title" to his birth certificate by filing it in the Oneida County Clerk's Office. (*Id*.) As a result, Plaintiff appears to allege that Defendant has "no claim over [his] vessel." (*Id*.) Though the Complaint does not define "vessel," it states that the "vessel [is] being held in CNYPC Facility." (*Id*. at ¶ 12.) Plaintiff submitted a sworn affidavit in support of his motion for a protective order (Dkt. No. 6), which states that "[i]t [is] [p]resumed that [his] body is a vessel" pursuant to 18 U.S.C. § 7(1). (Dkt. No. 6 at ¶ 7.)

In sum and substance, Plaintiff appears to be alleging that by virtue of his incarceration at CNYPC, Defendant has possession of his personal property (his body) and that because he filed documents in the Oneida County Clerk's office, Defendant's possession of Plaintiff's person is unlawful. (*See generally*, Dkt. No. 1.)

## III.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in*

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[2]

Plaintiff is advised that the ability to litigate an action without prepayment of fees is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses. *See In re Anderson*, 511 U.S. 364, 365-66 (1994) (denying the *pro se* petitioner's request for leave to proceed IFP where the Court found that, like the previous twenty-two petitions filed during the three immediately preceding years, the instant petition was "patently frivolous"); *see also Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) ("The ability to proceed IFP is a privilege provided for the benefit of indigent persons."). The authority of a court to deny or limit a request to proceed IFP is implicit in the permissive, rather than compulsory, language of the controlling statute, which provides that "any court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1) (emphasis added); *In re McDonald*, 489 U.S. 180, 183 (1989). For this reason, courts are regarded as possessing discretionary authority to deny IFP status to litigants who have abused the privilege. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 309-310 (D.C. Cir. 2008) ("This Circuit grants IFP status to various plaintiffs, but asserts its discretion to deny or revoke this privilege for abusive litigants, looking to 'the number, content, frequency, and disposition of their previous filings[.]' ") (quoting *Butler v. Dep't of Justice*, 492 F.3d 440, 444-45 (D.C. Cir. 2007).

---

[2]   Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

Plaintiff's litigation history in this district suggests that he is on the brink of being found to have abused the privilege of proceeding IFP. Plaintiff has filed three lawsuits against the United States Secretary of Treasury, in approximately three years.[3] In the two prior actions, Plaintiff requested, and was granted, permission to proceed without prepayment of fees. (*Fair I*, Dkt. No. 9; *Fair II*, Dkt. No. 10.) Both of those actions were dismissed following the Court's review of the substance of the factual allegations in the complaints in accordance with 28 U.S.C. § 1915(e). (*Fair I*, Dkt. No. 9; *Fair II*, Dkt. No. 14.)

Common to all of the actions filed by Plaintiff in this district (including, as will be discussed below, the current Complaint under consideration in this report) is his failure to include factual allegations in his complaints that demonstrate entitlement to relief, and the vagueness concerning the claims that he purports to assert. Accordingly, Plaintiff is hereby warned that (1) proceeding IFP is a privilege that is extended to litigants at the discretion of the court, and (2) any further filing of patently frivolous lawsuits may result in the denial of any request to proceed IFP in an action and/or a recommendation to the Chief District Judge that a filing injunction be issued against Plaintiff, barring him from filing any future lawsuits in this district without prior permission.

IV.    **RELEVANT LEGAL STANDARDS**

When a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

---

[3]    *Fair v. Lew*, 9:17-CV-0151 (DNH/DJS) ("*Fair I*"); *Fair v. Mnuchin, et al.*, 6:18-CV-1402 (GLS/TWD) ("*Fair II*"); and *Fair v. Mnuchin*, 6:20-CV-0244 (GLS/ML) ("*Fair III*").

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

V.  ANALYSIS

Plaintiff's Complaint is difficult to decipher. From what the Court can glean, it appears Plaintiff contends he is a "vessel," as that word is used in admiralty law, and is "being illegally detained without proper cause" at Central New York Psychiatric Center ("CNYPC"). (Dkt. No. 1 at ¶ 7.) Plaintiff, being the owner of the so-called vessel through a series of contractual agreements he has made with himself, claims CNYPC is trespassing on his property rights. (*See generally* Dkt. No. 1.) It is not clear why he has named Steven Mnuchin as the defendant.

The allegations in Plaintiff's Complaint do not suggest a basis for jurisdiction or state a claim for relief. Plaintiff purports to bring this claim under the Court's admiralty jurisdiction because he is a "vessel." However, The Rules of Construction Act defines a "vessel" as including "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. Plaintiff is not a vessel, therefore there is no basis to construe this case as invoking the Court's admiralty or maritime jurisdiction.

Even if there were subject matter over Plaintiff's claims, the Court would recommend dismissal with prejudice on initial review. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (court may dismiss a "factually frivolous" claim when the factual allegations are "clearly baseless," including claims "describing fantastic or delusional scenarios"). Plaintiff's Complaint is based on a fanciful scenario that he owns contractual rights to himself as a vessel and his detainment at CNYPC violates those contract rights. Plaintiff's Complaint is not grounded in reality or law and is frivolous. Therefore, 28 U.S.C. § 1915(e)(2)(B)(i) warrants dismissal of the Complaint. Given this finding, the Court further recommends dismissal with prejudice because allowing leave to amend would be futile.

Plaintiff also filed a motion for an order to show cause. (Dkt. No. 6.) Because the Court recommends dismissing Plaintiff's Complaint with prejudice, it also recommends denying Plaintiff's motion as moot.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) on the ground that the Court is without subject matter jurisdiction over Plaintiff's claims, and the Complaint is frivolous; and it is further

**RECOMMENDED** that Plaintiff's motion for an order to show cause (Dkt. No. 6) be **DENIED** as moot.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

---

[4] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[5]

Dated: April 15, 2020
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[5]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).